## SUPREME JUDICIAL COURT,

#### FOR THE COUNTY OF

## PENOBSCOT.

### JUNE TERM,

### 1825.

### HASKELL & ALS. *vs.* GREELY.

Where the conveyance of a chattel is not invalidated by fraud, the mere want of possession in the vendee will not so defeat his rights, as to justify an officer in seizing it as the property of the vendor ; if he have previous notice of the conveyance.

In the sale or mortgage of an undivided portion of a chattel, in which the vendor has only a minor interest, and the other owners have the actual possession ; a symbolical or constructive delivery to the vendee or mortgagee is sufficient, even against creditors.

THIS case, which was trespass *de bonis asportatis*, came before this Court upon exceptions taken to the opinion of *Perham* J. before whom it was tried in the Court below.

It appeared that the plaintiffs were sureties in a promissory note, for one *Sanborn*, at the *Bangor* bank ; and that to secure them against damages by reason of their liability, he conveyed to them one third part of a carding machine, which he owned in common with *S. & D. Kimball*. The conveyance was made in the form of a common bill of parcels, with a memorandum at the bottom expressing that it was to be void if *Sanborn* should pay the debt ; otherwise to remain in full force. The delivery was made by an agent, who went with one of the plaintiffs to the mill where the machine was set up, and there delivered the paper to him, at the same time pointing to the machine, and declaring that

he delivered to the plaintiffs *Sanborn's* undivided third part of it.

At the time of this delivery, and for some months afterwards, the machine was occupied by another person, under a parol lease from one of the *Kimballs,* acting in behalf of all the owners, to whom he accounted for all the rent ; the plaintiffs having interposed no claim for rent, and *Kimball* agreeing to indemnify the lessee against any claim from them. After this the *Kimballs* claimed the whole machine as their own. The plaintiffs, before the trespass complained of in this suit, had been obliged to pay the note abovementioned ; after which the defendant, being a deputy sheriff, seized the machine by virtue of an execution against *Sanborn* and the two *Kimballs,* and proceeded to sell the whole of it at auction, though he was made fully acquainted with the nature and evidence of the plaintiffs' title, and was forbidden to sell their share in the property; one of the *Kimballs,* however, denying their right, and directing him to proceed. This act of sale was the tresspass complained of.

The defendant's counsel objected that the evidence did not support the title of the plaintiffs; and that all the owners of the machine ought to have joined in the action; both which points the Judge ruled against him.

*Mc Gaw,* for the defendant, contended that the transaction, as stated, did not amount to a legal sale to the plaintiffs. There was no consideration paid nor secured at the time, and no engagement on their part to extinguish *Sanborn's* liability to the bank. As soon as they paid the note, they might have sued him for the money thus paid, and against such suit the facts of this case would not have furnished any good defence. Neither was it valid as a mortgage or pledge; for this must always be accompanied by actual delivery of the chattel mortgaged, which in this case was never done.

*T. A. Hill,* for the plaintiffs.

Mellen C. J. in delivering the opinion of the Court, after stating the facts, proceeded as follows.

On these facts the question is whether the action is by law maintainable. As between *Sanborn* and the plaintiffs, the con-

veyance of the third part of the machine was valid, though not followed by actual possession on the part of the plaintiffs ; and though the earnings were received by *Sanborn* and the other original owners till *March* 1822. *Badlam v. Tucker & al.* 1 *Pick.* 389. It is, however, contended in the present case, that an actual delivery to and continued possession by the plaintiffs of the property pledged was essential ; and that for the want of this, they have no foundation for this action. It must be remembered that *Sanborn* owned but one third part of the machine ; and, being a minor owner, he could not control the rights or the possession of *S. & D. Kimball,* who owned the two thirds. *Sanborn,* therefore, could not give to the plaintiffs any other delivery and possession of his third part than he did give. The law does not require that which is impossible or unreasonable. A formal delivery was given in *Oct.* 1821. In *Jewett v. Warren,* 12 *Mass.* 30, the mortgagor of logs lying in a boom, went in sight of them and pointed them out to the mortgagee ; and this was held to be a delivery to the vendee ; being the only one which could be made without extreme inconvenience. It is true that the Court say in the case of *Portland Bank v. Stubbs & al.* 6 *Mass.* 425, that it may be doubted whether the owner of a chattel can pledge an undivided part of it, without delivering the whole ; though even this is only a doubt ; but in the case before us *Sanborn* mortgaged the whole that he owned ; and could not control the residue, as in the case last cited. In the above case of *Badlam v. Tucker & al.* one question was whether the want of possession on the part of the mortgagee was not a fatal objection to the plaintiff's claim. *Wilde* J. in delivering the opinion of the Court, says, "If the "mortgagees had appeared chargeable with neglect in not taking "possession seasonably, it would have been only evidence of "fraud, and might have been explained, if submitted to the con-"sideration of the jury. It has been always held in this State, "that the possession of the vendor, after sale, is only evidence of "fraud, and not such a circumstance as *per se* necessarily invali-"dates the sale." All these observations were made as applicable to a case of mortgaged personal property. Now in the case at bar, the Judge left all the evidence to the jury ; and their verdict shews that they considered the whole transaction fair and

*bona fide* ; in fact, in the argument of the cause, a contrary idea has not been intimated. The reason why possession by the vendee or mortgagee of chattels is deemed of such importance is that it gives notice to the world of a change of property ; and we all know that open possession of real estate secures the grantee's title under his deed, as effectually as the act of recording the deed. But even in the case of a pledge, possession need not be taken by the pledgee, if in the conveyance it is agreed that such possession shall remain with the pledgor. To this point may be cited the case of *Badlam v. Tucker & al.* and the cases there collected. In the case before us a formal delivery was made. Actual possession could not be delivered to the plaintiffs by *Sanborn*, because he was a minor owner ; and though for more than a year, *Sanborn* continued to receive the earnings of the share he had mortgaged to the plaintiffs, still this circumstance can make no difference, as the transaction was fair and honest. As the conveyance was by way of mortgage or pledge ; as the plaintiffs, nearly three years before the defendant seized and sold the machine, had paid the debt themselves, to secure them against the payment of which, the conveyance in mortgage was made ; and as the defendant, before the sale, was distinctly notified of the plaintiffs' claim, and furnished with the proof to support it, and directed not to sell their third ; we cannot but consider such notice as equal to open possession by the plaintiffs ; and of course, that the defendant was a trespasser. Such must be the consequence if the title had become absolute in the plaintiffs ; and if it continued to be only the conditional title of a mortgagee, still the defendant had no right to take the property, so mortgaged, by execution, and sell it, unless the money had been paid or tendered to the mortgagee. To this point also, see 1 *Pick.* 389. Where a conveyance is not invalidated by fraud, the mere want of possession in a vendee, will not so defeat his rights as to justify an officer in seizing the property as belonging to the original vendor; more especially when such officer is seasonably notified of all the facts and forbidden to proceed. The plaintiffs have paid the value of the property, and can now have no other redress than by way of damages against the defendant who has deprived them of it. The objection grounded on the non-joinder of *S. & D. Kim-*

*ball* with the plaintiffs, cannot now be sustained ; it should have been taken in abatement; the authorities are clear on this point.

The exceptions are overruled and the judgment of the Court of Common Pleas is affirmed.